IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02473-NRN

SARA ELLIOTT-FOUGERE,

Plaintiff,

v.

CSAA GENERAL INSURANCE COMPANY,

Defendant.

---

**ORDER ON
PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT
(Dkt. #60)**

---

**N. REID NEUREITER
United States Magistrate Judge**

This matter comes before the Court on Plaintiff's Motion for Leave to Amend the Complaint ("Motion to Amend"). Dkt. #60. The Motion was originally filed (not in compliance with the Court's Local Rules) on August 25, 2022. *See* Dkt. #50. The Motion was refiled, with leave of the Court, on September 8, 2022, this time with Plaintiff attaching the proposed Amended Complaint in redline as required by the Local Rules. *See* Dkt. #60. Defendant CSAA General Insurance Company ("Defendant" or "CSAA") had filed an opposition to the original Motion to Amend on September 5, 2022. I heard argument on Plaintiff's revised motion on during a September 7, 2022 telephonic hearing. *See* Dkt. #62.

A final pretrial conference will be held in this case on November 10, 2022. Trial is set in this case for five days beginning on December 5, 2022.

**Basis for Motion to Amend**

Plaintiff seeks to amend her Complaint to add more factual detail to her statutory claims of unreasonable delay and denial of her insurance claim. Specifically, Plaintiff claims that she discovered through CSAA's expert disclosures that CSAA's specifically selected IME doctor, Dr. Rebekah Martin, had not received all the relevant medical records at the time of her initial examination of Plaintiff, despite the fact that CSAA had been provided those records by Plaintiff. As a result of her failure to review all the records, Dr. Martin's initial August 2021 report on Plaintiff's condition was favorable to CSAA and formed part of the basis for CSAA's initial denial of Plaintiff's UIM claim.

On July 29, 2022, CSAA produced its expert disclosures. Included with those disclosures was a supplemental report from Dr. Martin dated July 7, 2022. In the July 7, 2022 supplemental report, Dr. Martin, after finally having received and reviewed the full medical records, changed her opinion. *See* Proposed Am. Compl., Dkt. #60-1 ¶ 74 ("Dr. Martin's July 7, 2022 report noted that when she issued her opinions in her August 16, 2021 report, she did not have Plaintiff's medical records of the six (6) bilateral C1/2 facet joint injections that Plaintiff underwent between May 2020 and June 2021."). As a result of Dr. Martin's changed opinion, on August 5, 2022, CSAA tendered to Plaintiff full UIM policy limits. *See id.* ¶ 85.

The gist of Plaintiff's proposed amendment is to add a "more detailed statement" of CSAA's alleged bad faith conduct. Specifically, Plaintiff seeks to add the allegations that CSAA unreasonably relied on Dr. Martin's original August 2021 opinion in denying the UIM claim when the original opinion was based on incomplete information. *See* Dkt. #50 at 2, ¶ 8.

**CSAA's Opposition to the Proposed Amendment**

CSAA opposes the proposed amendment. CSAA argues that the amendment comes after the time for amendment as provided in the Scheduling Order, and therefore Plaintiff must show good cause for any amendment. Here, CSAA says there is no good cause because CSAA served its initial disclosures in January 2022 and, based on the documents provided, Plaintiff could have easily seen that CSAA had only asked Dr. Martin to review the narrative summary provided by Plaintiff's treating physician (Dr. Trainor) and not the medical records themselves. Per CSAA,

> even a simple review of the above referenced documents would have provided Plaintiff's counsel with the information necessary to recognize that CSAA provided Dr. Martin with a copy of Dr. Trainor's summary report, rather than the medical records themselves. As such, and given that the Plaintiff has had the aforementioned documents in her possession since January 18, 2021, if not before, Plaintiff cannot establish good cause for the untimely amendment.

Dkt. #58 at 7. CSAA argues that since an analysis of the materials provided as early as 2021 would have shown Dr. Martin had issued her initial opinion without a full review of the medical records, nothing was learned during discovery that could not have been learned early on with adequate due diligence.

CSAA also argues that the late amendment will result in undue prejudice to CSAA because expert disclosures have already occurred and the discovery cutoff is set for September 30, 2022, with trial set to commence on December 5, 2022. CSAA makes the peculiar claim that allowing late amendment would effectively permit Plaintiff to circumvent the written discovery deadline because answering the Amended Complaint would result in CSAA "being required to provide admissions or denials to factual allegations without the benefit of being able to assert necessary objections and seek judicial intervention, if necessary." Dkt. #58 at 8.

CSAA finally argues that much of the proposed Amended Complaint (paragraphs 65 through 72) focusses on the post-litigation conduct of counsel. CSAA's position is that Colorado law generally does not allow an attorney's litigation conduct to be imputed to an insurer. CSAA claims that even requiring it to respond to these allegations would implicate the attorney-client and work product doctrines unduly prejudicing CSAA. *See* Dkt. #58 at 9.

**Legal Standard**

Per the Scheduling Order, entered on December 20, 2021, the deadline by which the parties were to amend pleadings was February 4, 2022. DKt. #19 ¶ 9(a). Allowing amendment would mean modifying the Scheduling Order, which requires good cause under Rule 16. See *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (explaining that once the scheduling order deadline has passed, "a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard"). In practice, this good cause standard requires the movant to show the scheduling deadlines could not be met despite the movant's diligent efforts. Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed. If the plaintiff generally knew of the underlying conduct but simply failed to raise the claim, however, good cause is not shown. *Id.*

The Rule 16(b)(4) standard requires the movant to show that, despite the movant's diligent efforts, he or she could not meet the scheduling deadline. *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015); *Pumpco, Inc. v. Schenker*

*Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). To prove diligence, a plaintiff must provide an adequate explanation for any delay. *Minter*, 451 F.3d at 1205 n.4. If a plaintiff learns new information through discovery, good cause to amend may be established under Rule 16(b)(4). *Birch*, 812 F.3d at 1247; *see also Riggs v. Johnson*, No. 09-cv-01226-WYD-KLM, 2010 WL 1957110, at *3 (D. Colo. Apr. 27, 2010) (granting a motion for joinder six months after the scheduling order deadline); *Fiechtner v. Am. Fam. Mut. Ins. Co.,* No. 09-cv-02681-REB-MEH, 2010 WL 5185490, at *3 (D. Colo. Oct. 19, 2010) (permitting amendment of the scheduling order and the pleadings to add an exemplary damages claim five months after deadline because plaintiff filed the motion within 30 days of receiving the evidence on which the motion was based). Conversely, if the plaintiff knew of the conduct substantiating the claims he seeks leave to add, but simply failed to raise the claims, the plaintiff has failed to show good cause, and the claims are barred. *Birch*, 812 F.3d at 1247.

Assuming Plaintiff can show good cause for amendment, the Court turns to the principle that leave to amend shall be freely granted when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City and Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).; *see also Foman*, 371 U.S. at 182.

**Analysis and Decision**

The Court finds that Plaintiff has shown good cause to amend to add the additional allegations relating to unreasonable delay and denial.

The critical moment in time when it would have been apparent to a reasonable person that the reason UIM benefits had been denied was after CSAA reversed its position and paid Plaintiff's UIM benefits. Plaintiff's counsel received CSAA's July 29, 2022 expert disclosure, which included Dr. Martin's July 7, 2022 supplemental report. On August 5, 2022, six days after the disclosure of Dr. Martin's supplemental report, CSAA tendered Plaintiff her full UIM benefits. Plaintiff's original motion for leave to amend was filed on August 25, 2022 (Dkt. #50), within three weeks of the payment of UIM benefits by CSAA. It would only have been after CSAA's reversal of its position, based on Dr. Martin's supplemental report—in which Dr. Martin attributed her own change in position to not having received the full medical records—that Plaintiff would have known that the CSAA's alleged failure to provide full medical records for Dr. Martin to review was in part responsible for the delay in paying benefits.

CSAA's argument that Plaintiff's counsel would have and should have known earlier that Dr. Martin did not have all the medical records rings hollow. What was important was that once Dr. Martin received and reviewed all the medical records (which had been provided to CSAA), she changed her opinion and CSAA changed its benefits position as a result. I find that there is good cause to amend because this information was learned during discovery, and I further find that Plaintiff did not unduly delay in seeking to amend once benefits were paid.

I do not find that CSAA is unfairly prejudiced by this proposed amendment. CSAA can explain why it failed to provide full medical records to its IME examiner. Or Dr. Martin can explain why she relied only on a summary rather than full medical records in making her initial opinion. To the extent that CSAA believes that the amendment in support of Plaintiff's unreasonable delay claim improperly references litigation conduct of counsel (rather than conduct of CSAA), CSAA is free to file a motion in limine making this point and providing supporting authority. But a motion to amend is not the place to litigate what evidence should or should not be admitted at trial.

I would note that Plaintiff's Amended Complaint takes a somewhat conflicted approach to alleging unreasonable conduct by CSAA. On the one hand, Plaintiff repeatedly has emphasized Dr. Martin's alleged bias in favor of insurers because of the amount of money she makes doing IME examinations. But, on the other hand, Plaintiff seems to be championing Dr. Martin as an honest doctor who would have given the correct opinion from the beginning, but for CSAA's failure to give her all the necessary medical records. At some point, Plaintiff will have to decide what coherent story it is going to tell the jury. But Plaintiff is entitled to plead theories in the alternative. There is still enough time before trial for CSAA to muster the evidence to convince a jury that any delay in payment of UIM benefits was reasonable.

**Order**

It is hereby **ORDERED** that Plaintiff's Motion for Leave to Amend (Dkt. #60) is **GRANTED**. The Amended Complaint (Dkt. #50-1) shall be the operative complaint in this case and shall be placed on the docket and deemed filed as of the date of this

Order. Defendant CSAA shall answer consistent with the deadlines prescribed in the

Federal Rules of Civil Procedure for responding to amended pleadings.


Dated:       September 19, 2022                  _____
             Denver, Colorado                    N. Reid. Neureiter
                                                 United States Magistrate Judge